ARTHUR O. GRAVES AND ALICE M. GRAVES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 85465. Filed October 31, 1961.

*Arthur O. Graves*, pro se.
*Albert J. O'Connor, Esq.*, for the respondent.

OPINION.

SCOTT, *Judge:* Respondent determined a deficiency in petitioners' income tax for the year 1958 in the amount of $398.61. The sole

question for decision is whether petitioners are entitled to an exclusion from gross income for wages received by one of them while absent from work on account of sickness in the amount of $1,800 as claimed on their tax return, or are limited to a total exclusion of $900 as determined by respondent.

All of the facts are stipulated and are found accordingly.

Petitioner Arthur O. Graves (hereinafter referred to as petitioner) and his wife, Alice M. Graves, who reside in Merion Park, Pennsylvania, filed a joint income tax return for the year 1958 with the district director of internal revenue at Philadelphia, Pennsylvania.

Petitioner was employed during the year 1958 by two separate corporate employers, Bestwall Gypsum Company and Certain-teed Products Corporation, each located in Ardmore, Pennsylvania. He divided his time equally between the two employers and received from each annual compensation of $15,312.48; consisting of a monthly salary of $1,145.82 plus a yearend bonus.

During 1958 petitioner was absent from work with each of his corporate employers on account of sickness for a period of 9 consecutive weeks, from August 25, 1958, to October 27, 1958, and was hospitalized for 36 days during this time. During the period that petitioner was absent from work on account of sickness, he continued to receive his usual monthly compensation of $1,145.82 from each of his employers. Petitioner, on his income tax return, excluded as "sick pay" the amount of $1,800 with the explanation that his period of illness was 9 weeks and the amount of $1,800 represented an amount of $900 of "sick pay" received from each employer.

Respondent, in his notice of deficiency, increased petitioner's income as reported by $900 with the explanation that the item of sick pay exclusion "is held to be a proper exclusion to the extent of $900.00 (9 weeks at $100.00) and the disallowed difference of $900.00 is held to be taxable income under the provisions of section 105(d) of the Internal Revenue Code of 1954."

Section 105(a) of the Internal Revenue Code of 1954[1] requires the inclusion in gross income of amounts received by an employee from accident or health insurance for personal injury or sickness to the extent that such amounts are paid by the employer, except as otherwise provided in section 105. Section 105(d) of the Internal

[1] SEC. 105. AMOUNTS RECEIVED UNDER ACCIDENT AND HEALTH PLANS.
(a) AMOUNTS ATTRIBUTABLE TO EMPLOYER CONTRIBUTIONS.—Except as otherwise provided in this section, amounts received by an employee through accident or health insurance for personal injuries or sickness shall be included in gross income to the extent such amounts (1) are attributable to contributions by the employer which were not includible in the gross income of the employee, or (2) are paid by the employer.

Revenue Code of 1954[2] provides that gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of personal injury or sickness, but that the subsection shall not apply to the extent that any such amounts exceed a weekly rate of $100.

It is petitioner's contention that since he received wages from each of his employers for a period during which he was absent from work on account of sickness, the $100 weekly limitation should apply separately to the wages received from each employer, thus entitling him to a total "sick pay" exclusion of $200 a week or $1,800 for the 9-week period. Petitioner takes the position that there is nothing in the statute or regulations that prohibits this interpretation. Petitioner does not attack the validity of section 1.105–4(d)(1), Income Tax Regs.,[3] relied on by respondent.

Respondent contends that these regulations clearly provide that where an employee receives amounts under two or more wage continuation plans, whether such plans are maintained by the same or different employers, the total weekly exclusion is limited to $100 since the regulations provide that the excludibility of amounts shall be determined under subparagraph (3) providing the rules for determination of the weekly rate of pay where the established pay period of the employee is on a different basis and that the weekly rate for the purposes of section 105(d) shall be the sum of all weekly rates.

---

[2] Sec. 105(d). WAGE CONTINUATION PLANS.—Gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of personal injuries or sickness; but this subsection shall not apply to the extent that such amounts exceed a weekly rate of $100. In the case of a period during which the employee is absent from work on account of sickness, the preceding sentence shall not apply to amounts attributable to the first 7 calendar days in such period unless the employee is hospitalized on account of sickness for at least one day during such period. If such amounts are not paid on the basis of a weekly pay period, the Secretary or his delegate shall by regulations prescribe the method of determining the weekly rate at which such amounts are paid.

[3] Sec. 1.105–4(d) [Income Tax Regs.]. *Exclusion not applicable to the extent that amounts exceed a weekly rate of $100*—(1) *In general.* Amounts received under a wage continuation plan which are not excludable from gross income as being attributable to contributions of the employee (see section 1.105–1) must be included in gross income under section 105(d) to the extent that the weekly rate of such amounts exceeds $100. Thus, an employee, who receives $50 under his employer's wage continuation plan on account of his being absent from work for two days due to a personal injury, cannot exclude the entire $50 under section 105(d) if the weekly rate of such benefits exceeds $100. If an employee receives payments under a wage continuation plan for less than a full pay period, the excludability of such payments shall be determined under subparagraph (2) of this paragraph. In all other cases, the weekly rate and excludability of such payments under a wage continuation plan shall be determined under subparagraph (3) of this paragraph. If, with respect to any pay period or portion thereof, the employee receives amounts under two or more wage continuation plans (whether such plans are maintained by or for the same employer or by different employers), the weekly rate and excludability of amounts received under each plan shall be determined under subparagraph (3) of this paragraph and the weekly rate for purposes of section 105(d) shall be the sum of all such weekly rates. * * *

We agree with respondent in his interpretation of his regulations. The regulations specifically provide that amounts received under a wage continuation plan which are not excludible because of the employee's contribution must be included in his gross income to the extent that the weekly rate of such amounts exceeds $100. These regulations define the weekly rate where more than one plan is involved, even though by different employers as the sum of all weekly rates determined under each plan. This regulation is a reasonable interpretation of the provisions of section 105(d) of the Internal Revenue Code of 1954 which limits the exclusion from gross income of amounts which constitute wages for a period during which the employee is absent from work on account of sickness with the words, "this subsection shall not apply to the extent that such amounts exceed a weekly rate of $100." These words indicate an intention on the part of Congress to allow a maximum exclusion of $100 a week for each week that an employee is absent from work on account of sickness even though the amount paid to the employee during the period of absence exceeds $100 per week with no special provision being made for a higher exclusion where an employee receives compensation from more than one employer.

*Decision will be entered for the respondent.*